1  ELIZABETH A. BROWN (SB# 235429)
   MARIO C. ORTEGA (SB# 272455)
2  lisabrown@gbgllp.com
   marioortega@gbgllp.com
3  GBG LLP
   633 West 5th Street, Suite 1500
4  Los Angeles, CA  90071
   Telephone:  (213) 358-2810
5  Facsimile:  (213) 995-6382

6  Attorneys for Defendant
   FRED LOYA INSURANCE AGENCY, INC.
7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  MARTHA OCHOA, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>FRED LOYA INSURANCE AGENCY, INC., a New Mexico corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT FRED LOYA INSURANCE AGENCY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Merced County Superior Court Case No. 23CV-04437) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF MARTHA OCHOA, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Fred Loya Insurance Agency, Inc. ("Defendant," "Fred Loya," or the "Company") hereby removes this action from the Superior Court of the State of California for the County of Merced to the United States District Court for the Eastern District of California. Fred Loya removes this action pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a)), 1441(a) and (b), and 1446, for the following reasons:

1. On November 29, 2023, Plaintiff Martha Ochoa ("Plaintiff") filed a "Class Action Complaint" in the Superior Court of the State of California for the County of Merced ("Superior Court") entitled "*Martha Ochoa, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, v. Fred Loya Insurance Agency, Inc., a New Mexico corporation; and Does 1 through 100, inclusive*," designated as Merced County Super. Ct. Case No. 23CV-04437 (the "Action"). A true and correct copy of Plaintiff's Class Action Complaint in the Action is attached to the Declaration of Mario C. Ortega in Support of Defendant Fred Loya Insurance Agency, Inc.'s Notice of Removal of Civil Action to Federal Court ("Ortega Decl.") as Exhibit A.[1] *See* Ortega Decl. ¶ 2, Ex. A, Class Action Complaint (the "Complaint" or "Compl.").

2. In the Complaint, Plaintiff alleges eleven purported causes of action for: (i) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (ii) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512(a); (iii) failure to provide rest periods in violation of California Labor Code 226.7; (iv) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197 and 1197.1; (v) failure to timely pay wages upon termination in violation of California Labor Code §§ 201 and 202; (vi) failure to

---

[1] In accordance with 28 U.S.C. § 1446(a), the Complaint and all other publicly-available process, pleadings, and orders that were served on Fred Loya in this action are also attached to this filing as Exhibit A.

1   timely pay wages during employment in violation of California Labor Code § 204; (vii) failure to
2   provide complete and accurate wage statements in violation of California Labor Code § 226(a);
3   (viii) failure to keep complete and accurate payroll records in violation of California Labor Code
4   § 1174(d); (ix) failure to reimburse necessary business-related expenses and costs in violation of
5   California Labor Code §§ 2800 and 2802; (x) unfair business practices in violation of California
6   Business & Professions Code § 17200 *et seq.*; and (xi) civil penalties under the Private Attorneys
7   General Act, California Labor Code § 2698 *et seq*.  Compl. ¶¶ 54-140.

8           3.      The Complaint seeks "unpaid overtime compensation, as well as interest, costs,
9   and attorneys' fees" (Compl. ¶ 62); meal period penalty payments – i.e., "one additional hour of
10  pay at [Plaintiff's and the Putative Class Members'] regular rate of compensation for each work
11  day that the meal or rest period [was] not provided" (*id.* ¶ 73); rest period penalty payments – i.e.,
12  "one additional hour of pay at [Plaintiff's and the Putative Class Members'] regular hourly rate of
13  compensation for each work day that the rest period was not provided" (*id.* ¶ 82); "the unpaid
14  balance of [Plaintiff's and the Putative Class Members'] minimum wage compensation as well as
15  interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages
16  unlawfully unpaid" (*id.* ¶ 86); "a penalty of $100.00 for the initial failure to timely pay [Plaintiff's
17  and the Putative Class Members'] minimum wages, and $250.00 for each subsequent failure to
18  pay each employee minimum wages" (*id.* ¶ 87); "liquidated damages in an amount equal to the
19  wages unlawfully unpaid" (*id.* ¶ 88); "the statutory penalty wages for each day [Plaintiff and the
20  Putative Class Members] were not paid [following their respective last dates of employment], up
21  to a thirty (30) day maximum pursuant to California Labor Code section 203" (*id.* ¶ 94); "all
22  remedies available for violations of [the wage payment timing requirements in] California Labor
23  Code section 204" (*id.* ¶ 100); "the greater of [Plaintiff's and the Putative Class Members'] actual
24  damages caused by Defendants' failure to comply with California Labor Code section 226(a), or
25  an aggregate penalty not exceeding four thousand dollars per [individual]" and "injunctive relief
26  to ensure compliance with this section, pursuant to California Labor Code section 226(h)" (*id.*
27  ¶¶ 106-107); "[Plaintiff's and the Putative Class Members'] business-related expenses and costs
28  incurred during the course and scope of their employment" (*id.* ¶ 117); "restitution of the wages

1  withheld and retained by Defendants during a period that commences four years prior to the filing
2  of this Complaint[,] an award of attorneys' fees pursuant to California Code of Civil procedure
3  [*sic*] section 1021.5 and other applicable laws[,] and an award of costs" (*id.* ¶ 124); "business
4  expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and
5  costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against
6  Defendants," including statutory penalties under "California Code of Regulations Title 8 section
7  11010, et seq." and "California Labor Code section 210" (*id.* ¶ 138); civil penalties under the
8  California Private Attorneys General Act for the alleged Labor Code violations (*id.* ¶ 138(a)); and
9  "attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and
10 any other applicable statute" (*id.* ¶ 140).  In her Prayer for Relief, Plaintiff otherwise seeks, on
11 behalf of herself and the Putative Class Members, "all actual, consequential, and incidental losses
12 and damages, according to proof" (*id.* at p. 27 ¶ 13; p. 28 ¶ 21; p. 30 ¶¶ 41, 46; p. 31 ¶¶ 52, 57),
13 "premium wages" (*id.* at p. 27 ¶ 14), "reasonable attorneys' fees and costs of suit incurred herein"
14 (*id.* at p. 28 ¶ 16); and "such other and further relief as the Court may deem equitable and
15 appropriate."  *Id.* p. 32, ¶ 69.

16        4.       On January 4, 2024, Plaintiff personally served the Complaint and Summons on
17 Fred Loya through its agent for service of process.  *See* Ortega Decl. ¶ 3, Ex. B.

18        5.       Defendants Does 1 through 100 are unnamed and unknown, and therefore have not
19 been served with the Complaint.  No other defendants have been named or served in this Action.
20 *See* Compl. ¶ 9; Ortega Decl. ¶ 4, Ex. C.

21        6.       In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a
22 copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's
23 counsel and filed with the Clerk of the Merced County Superior Court.  True and correct copies
24 of the Notice to Superior Court of Removal to Federal Court and Notice to Adverse Party of
25 Removal to Federal Court are attached to the Ortega Declaration as Exhibits D and E,
26 respectively.  Ortega Decl. ¶ 5.  Therefore, all procedural requirements under 28 U.S.C. § 1446
27 have been satisfied.

28        7.       This Notice of Removal is timely.  It is filed within 30 days of service of the

Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

9. This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the following grounds.

## REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT OF 2005
## (28 U.S.C. § 1332(d))

10. This Action is properly removed to this Court under the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9.

11. The Class Action Fairness Act of 2005 amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (1) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from that of any defendant.

12. A removing defendant need only assert a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and importantly, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co, LLC. v. Owens*, 574 U.S. 81, 89 (2014); *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993-94 (9th Cir. 2022) (citing *Dart*) (holding that even if a court disputes the assumptions made by a removing defendant, it cannot "zero out" the amount in controversy amount for a given claim). The Ninth Circuit has confirmed that the following "three principles [] apply in CAFA removal cases":

> First, a removing defendant's notice of removal ***"need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements***. Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on ***reasonable assumptions***. Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.

*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-99 (9th Cir. 2015)) (emphasis added); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). As explained by the Ninth Circuit:

> As is inescapable at this early stage of the litigation, the removing party must be able to rely "on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million," as long as the reasoning and underlying assumptions are reasonable.

*Jauregui*, 28 F.4th at 993 (citing *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)); *see also Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action" need only demonstrate by a "preponderance of evidence" that "the aggregate amount in controversy exceeds the jurisdictional minimum"); *Andrade v. Beacon Sales Acquisition, Inc.*, No. CV 19-06963-CJC(RAOx), 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (denying plaintiffs' motion to remand; "At this stage, the preponderance of the evidence standard is 'not daunting.'").

13. Courts routinely accept declarations from payroll and human resources representatives to support removal. *See, e.g.*, *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955-BLF, 2022 WL 1210402, at *3 (N.D. Cal. Apr. 25, 2022) (denying remand; "contrary to Plaintiff's argument otherwise, a declaration submitted by a company employee attesting to a review of business records can constitute competent evidence supporting amount-in-controversy calculations") (citing *Jauregui*, 28 F.4th at 992); *see also Johnson v. R&L Carriers Shared Servs., LLC*, No. 2:22-cv-01619-MCS-JPR, 2022 WL 1568898, at *3 (C.D. Cal. May 18, 2022) (declaration based on a review of human resources records are adequate to support amount in controversy showing) (collecting cases). "Defendant is *not* 'required to comb through its records to identify and calculate the exact frequency of violations.'" *Andrade*, 2019 WL 4855997, at *4 (quoting *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015)) (emphasis added).

14. This Action is pled as a putative class action by which Plaintiff seeks to represent the following proposed class of current and former employees: "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of

California at any time during the period from four years preceding the filing of this Complaint to final judgment [i.e., November 29, 2019 to the present] and who reside in California." Compl. ¶ 13. These individuals are referred to herein as the proposed "Class" or the "Putative Class Members."

15.   **CAFA's Numerosity Requirement is Satisfied.**  Fred Loya's business records indicate that there were approximately 2,107 individuals who worked for Fred Loya in non-exempt roles in California during the time period of November 29, 2019 to January 8, 2024, and thus fall within the scope of Plaintiff's proposed Class as defined above. Declaration of Paul Buono in Support of Defendant Fred Loya Ins. Agency, Inc.'s Removal of Civil Action to Federal Court ("Buono Decl.") ¶ 5; *see also* Compl. ¶ 13 (defining the class period as "the period from four years preceding the filing of this Complaint to final judgment" – i.e., November 29, 2019 to the present).  Based on the foregoing information, CAFA's requirement that the proposed class consist of at least 100 members is satisfied. 28 U.S.C. § 1332(d)(5)(B).

16.   **CAFA's Minimal Diversity Requirement is Satisfied.**  Fred Loya may properly remove this Action on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because:

   a.   Plaintiff Ochoa is now, and was at the time the Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332. *See* Compl. ¶ 5 ("Plaintiff MARTHA OCHOA is an individual residing in the State of California, County of Merced.").

   b.   At least one currently-employed non-exempt hourly employee in California lists California as their state of residence. *See* Buono Decl. ¶ 4.

   c.   Fred Loya is now, and was at the time this Action was commenced, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332 because Fred Loya is now, and was at the time this Action was commenced, a corporation organized under the laws of the State of New Mexico, with its principal place of business in the State of Texas. *See* Declaration of Joe Ramirez in Support of Defendant Fred Loya Insurance Agency, Inc.'s Notice of Removal of Civil Action to Federal Court ("Ramirez Decl.") ¶¶ 3-5.

        d.        The presence of Doe defendants has no bearing on diversity for purposes of removal. *See* 28 U.S.C. § 1441(b) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded").

        e.        No other defendants have been named or served in this Action. Ortega Decl., ¶ 4, Ex. C.

17.    **CAFA's Amount-in-Controversy Requirement is Satisfied.** Without admitting that Plaintiff and/or any members of the proposed Class could recover any damages, the amount in controversy in this Action, for which Plaintiff asserts a maximum four-year liability period, exceeds $5,000,000 exclusive of interest and costs based on the following[2]:

        a.        Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

        b.        "The amount in controversy considers the *amount in dispute*, not the amount that a plaintiff is likely to recover. . . . 'In that sense, the amount in controversy reflects the *maximum recovery the plaintiff could reasonably recover*.'" *Andrade*, 2019 WL 4855997, at *4 (emphasis added) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) and *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)).

        c.        As outlined in detail below, the amount that Plaintiff has placed in controversy exceeds the jurisdictional minimum amount of $5,000,000 based on Plaintiff's claims for overtime and waiting time penalties *alone* – i.e., *excluding* Plaintiff's numerous other alleged claims for wage statement penalties, meal and rest period premium payments, unpaid minimum wages, alleged failure to pay wages within the timing requirements prescribed by statute, alleged failure to maintain accurate records, unreimbursed business expenses, alleged violations of California's unfair competition law, civil penalties under the Private Attorneys General Act, and

---

[2] Below, Fred Loya provides a valuation of Plaintiff's claims solely to demonstrate that the amount in controversy exceeds the jurisdictional minimum for purposes of removal. In doing so, Fred Loya does not concede that Plaintiff or any of the Putative Class Members is entitled to any finding in their favor on the merits of Plaintiff's claims or any other recovery (of any particular amount or at all). Fred Loya reserves its right to dispute Plaintiff's claims with respect to class certification, liability, and damages.

Plaintiff's claim for attorneys' fees:

| Claim | Amount in Controversy |
|---|---|
| Overtime | $2,833,472 |
| Waiting Time Penalties (Cal. Lab. Code §§ 201-203) | $5,713,771 |
| **TOTAL** | **$8,547,243** |

d. **Overtime.** Under California law, "work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a). Moreover, "[a]ny work in excess of 12 hours in one day" and "any work in excess of eight hours on any seventh day of a workweek" shall be "compensated at the rate of no less than twice the regular rate of pay for an employee." *Id.* Here, Plaintiff alleges that "Defendants engaged in a *pattern and practice* of wage abuse against their hourly-paid or non-exempt employees . . . [by] failing to pay them for all . . . overtime wages earned." Compl. ¶ 32 (emphasis added); *id.* ¶ 44 ("Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked."); *id.* ¶ 60 ("Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members."). As outlined above, approximately 2,107 Putative Class Members were employed by Fred Loya in non-exempt positions in California between November 29, 2019 and January 8, 2024 (i.e., the period commencing four years prior to the date this Action was filed). Paragraph 15, *supra*; Buono Decl. ¶ 5. Fred Loya's business records indicate that these individuals worked approximately 100,052 workweeks during the time period of November 29, 2019 to January 8, 2024. Buono Decl. ¶ 5. The average base rate of pay for these individuals during the same time period was approximately $18.88 per hour. *Id.* Fred Loya employees are paid on a bi-weekly basis. *Id.* ¶ 7. For purposes of these calculations, Fred Loya conservatively assumes that Putative Class Members worked just one hour of uncompensated overtime per workweek, even while case law would support an assumption of two hours per workweek where (as here) the plaintiff alleges a

1  *policy or practice* of failing to pay overtime wages. *Andrade*, 2019 WL 4855997, at *3 (denying
2  plaintiffs' motion to remand; holding that "two hours of uncompensated overtime per workweek"
3  is a reasonable assumption where (as here) plaintiffs allege a "policy and/or practice" of failing to
4  pay overtime) (emphasis added); Compl. ¶ 32 (alleging that "Defendants engaged in a *pattern*
5  *and practice* of wage abuse against their hourly-paid or non-exempt employees . . . [by] failing to
6  pay them for all . . . overtime wages earned.") (emphasis added); *id.* ¶¶ 44, 60.  Based on the
7  foregoing information, Plaintiff's overtime claim *alone* places in excess of $2,800,000 in
8  controversy:

9  1 hour of overtime x $28.32 per hour[3] x 100,052 workweeks = **$2,833,472.64**.

10         e.      **Waiting Time Penalties.**  California law provides for the recovery of
11 waiting time penalties (in an amount up to 30 days of wages) where an employer willfully fails to
12 pay final wages to terminated employees within certain timing requirements prescribed by Labor
13 Code sections 201 and 202 – i.e., immediate payments for employees who are involuntarily
14 terminated, and payments within 72 hours for employees who resign.  *See* Cal. Lab. Code §§ 201,
15 202; *id.* at § 203(a) ("If an employer willfully fails to pay . . . wages of an employee who is
16 discharged or who quits, the wages of the employee shall continue as a penalty from the due date
17 thereof at the same rate until paid or until an action therefor is commenced; but the wages shall
18 not continue for more than 30 days.").  Here, Plaintiff alleges that "[she] and the other class
19 members are entitled to recover from Defendants the statutory penalty wages for each day they
20 were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203."
21 Compl. ¶ 94.  Based on the three-year statute of limitations applicable to Plaintiff's claim for
22 waiting time penalties, the relevant time period for purposes of that cause of action is November
23 29, 2020 to the present.  *Rivera v. Agreserves, Inc.*, No. 1:23-CV-393-JLT-CDB, 2023 WL
24 5202575, at *7 (E.D. Cal. Aug. 14, 2023) ("The statute imposes a three-year statute of limitations
25 for waiting time penalties, determined from the date the complaint was filed.").  Fred Loya's
26 business records indicate that there were approximately 1,333 non-exempt California employees

---

[3] This overtime rate is based on the Putative Class Members' average hourly rate of $18.88.  $18.88 x 1.5 = Overtime rate of $28.32 per hour.

whose employment terminated during the time period of November 29, 2020 to January 8, 2024. Buono Decl. ¶ 6. Those individuals worked approximately 33,455 workweeks during the same time period. *Id*. The average base rate of pay for these individuals during this time period was $17.86 per hour. *Id*. Based on the foregoing information, Plaintiff's claim for waiting time penalties places an *additional* $5,713,771 in controversy, and satisfies the CAFA's jurisdictional minimum amount of $5,000,000 *on its own*:

$17.86/hour x 8 hours per day x 30 days

x 1,333 terminated Putative Class Members = **$5,713,771.20**.

18. The CAFA's provisions excluding certain types of actions from removal jurisdiction are inapplicable here, as Plaintiff's complaint does *not* "solely involve[] a claim . . . (A) concerning a covered security as defined under [the Securities Act of 1933 and Securities Exchange Act of 1934]; (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security . . . ." 28 U.S.C. § 1332(d)(9).

19. As outlined above, the proposed class members number at least 100, there is diversity of citizenship as required under the CAFA, and the amount in controversy requirement is met. Therefore, Fred Loya has satisfied all requirements for removal under 28 U.S.C. § 1332(d).

WHEREFORE, Fred Loya hereby removes the above action now pending before the Superior Court for the State of California for the County of Merced to this Court.

DATED: February 2, 2024               GBG LLP

BY:  /s/ Mario C. Ortega
     MARIO C. ORTEGA

Attorneys for Defendant
FRED LOYA INSURANCE AGENCY, INC.